No. 676　　　　July 15, 2026　　　　557

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN EMILO TOVARCHES,
aka Christian Emilo Tovar,
aka Christian Emilio Tovar-Ches,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR19537; A184233

Celia A. Howes, Judge.

Submitted January 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals a judgment of conviction for interfering with public transportation, ORS 166.116(1)(a), for reentering Tri-Met property after he had been told that he was excluded from Tri-Met property for six hours.[1] In his sole assignment of error, defendant argues that the trial court erred by denying his motion for judgment of acquittal (MJOA) on that charge. Defendant specifically argues that the evidence was legally insufficient to prove that he entered a public transit station. As explained below, we affirm.

A person commits the crime of interfering with public transportation, as charged here, when a person "[i]ntentionally or knowingly enters or remains unlawfully in or on a public transit vehicle or public transit station." ORS 166.116(1)(a). Defendant contends that the evidence was legally insufficient to prove that he was in or on a "public transit station." As used in ORS 166.116(1)(a), "'[p]ublic transit station' includes all facilities, structures, lands and rights of way that are owned, leased, held or used for the purposes of providing public transportation services." ORS 166.116(3)(c). Defendant raised the same issue below, thus preserving the claim of error. The state maintains that the trial court properly denied the MJOA.

On review of the denial of an MJOA, our task is to examine the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). To the extent inferences from circumstantial evidence are necessary to prove an element, it is a question of law what reasonable inferences may be made from the evidence. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). Reasonable inferences are allowed, but "speculation and guesswork are not." *Id.*

Applying that standard of review, we agree with the state that the evidence was legally sufficient to go to the

---

[1] The state charged defendant by information with two counts of interfering with public transportation. The jury acquitted defendant of Count 1 and convicted defendant or Count 2.

factfinder. Defendant was given an exclusion order prohibiting him from entering or remaining on Tri-Met property for six hours. Shortly after he had been given that order, defendant reentered the Gresham Transit Center. A video was admitted and played at trial and still pictures from the video were also shown. There was also testimony about the video and testimony from a Tri-Met security supervisor that defendant had reentered Tri-Met property.

In the video and still images, there is evidence from which a factfinder could find the following: After the exclusion order, defendant was present on a sidewalk with bus shelters on it that had a railing blocking off one end of the sidewalk, and in front of each bus shelter, curbs are marked with a wide white textured stripe. At one point while defendant is standing on that sidewalk beside a bus shelter, a bus pulls up to the bus stop. That provided sufficient evidence that the sidewalk was being used to provide public transportation. But even if that area were viewed as a public sidewalk, there is also a diagonal road used by buses to enter and exit the area, which is clearly part of the transit center. At one point in the video, after the exclusion order, defendant walked at an angle across that bus road. From that evidence, a rational factfinder could find that defendant was in or on a transit center and the factfinder could infer that the transit center was Tri-Met property for purposes of the exclusion order.

The trial court did not err in denying defendant's MJOA.

Affirmed.